IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICARDO PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01887 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases; 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. After undertaking the Rule 4 review in this case, the court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**I.  Factual Allegations**

Petitioner Ricardo Perez asserts that, following a guilty plea, he was convicted of conspiracy to sell methamphetamine and sentenced to serve a four-year prison term at 30%. Judgment was entered on April 4, 2014, less than six months ago. He insists that his trial counsel was ineffective and that his plea was not knowing and voluntary, because his attorney unlawfully induced him to take the plea by assuring him that if he pleaded guilty and agreed to a four-year prison term, he would actually only serve three months at a CCA-run facility. Instead, Perez is serving time at the Correctional Development Center ("CDM") operated by the Metro-Davidson County Sheriff's Office, and has been told that he will have to serve a minimum of sixteen months.

In his habeas petition, Perez affirmatively asserts that he did not pursue a direct appeal from the judgment of conviction (ECF 1, at 1), and that he has not filed any post-conviction petition in the state

court. (ECF 1, at 2.) He complains that his lawyer would not help him file any petition but that someone at the CDM is assisting him.

## II.     Exhaustion of State Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims to the state courts so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system.[1] *Duncan*, 513 U.S. at 365–66. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue when it clearly appears that habeas claims have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987). The petitioner bears the burden of showing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A petitioner cannot establish exhaustion if he has the right under state law to raise the questions presented in his habeas petition. 28 U.S.C. § 2254(c).

The allegations in Perez's petitioner affirmatively establish that he has not attempted to exhaust his remedies in the state courts. He did not pursue a direct appeal, and he has not filed a petition for post-conviction relief in the state trial court. Moreover, his conviction became final less than five months ago, and he clearly has the ability to raise his ineffective-assistance-of-counsel claim in state court. *See* Tenn. Code Ann. §§ 40-30-101 *et seq.* (Tennessee Post-Conviction Procedure Act). On this basis alone, the petition is subject to dismissal without prejudice for failure to affirmatively establish the exhaustion of state-court remedies.

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

**III.     Conclusion**

For the reason set forth herein, the petition filed in this case will be denied and this matter dismissed without prejudice for failure to exhaust state-court remedies.

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a Certificate of Appealability ("COA") when it enters a final order. Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a COA is issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the standard articulated in *Miller-El*, the Court finds that reasonable jurists would not disagree that the petition is subject to summary dismissal. The Court will therefore deny a COA.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge